IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LINDA GOOCH DAVIS, c/o Nora I. Bee, Jr., Citizens Against Injustice<br><br>Plaintiff,<br><br>v.<br><br>STATE OF GEORGIA, et al.,<br><br>Defendants. | 1:13-cv-1974-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [2].

### I.   BACKGROUND

On June 13, 2013, Nora Isaac Bee, Jr. filed this petition for habeus corpus on behalf of Linda Gooch Davis, an inmate at the Fayette County Jail. Both the petition and the *in forma pauperis* application were signed by Mr. Bee, but not by Ms. Davis.

On July 17, 2013, the Magistrate Judge issued her R&R finding that Mr. Bee had not shown himself to be a lawyer, and therefore cannot assert a claim on behalf of Ms. Davis. The R&R recommended returning documents to Mr. Bee, sending

the proper forms for filing a habeus corpus petition to Ms. Davis, and denying a certificate of appealability.

There have not been any objections filed to the R&R.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.    Analysis

#### 1.    *Review of the R&R*

No party objected to the R&R's finding that this action cannot be asserted by Mr. Bee on behalf of Ms. Davis.  This Court does not find error in this conclusion.  See 28 U.S.C. § 1654 (providing that parties may represent themselves personally

or by counsel); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities.").

Although the Magistrate Judge recommended that this action be administratively closed, the Court determines it is appropriate to dismiss the action without prejudice.  See 28 U.S.C. 636(b)(1) ("A judge of the court may . . . modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Walker v. Atlanta Pub. Sch., No. 1:09-CV-3606-TCB 2010 WL 2653469, at *1 (N.D. Ga. July 2, 2010) (explaining that, when a non-attorney represents a *pro se* plaintiff, the court should dismiss the action without prejudice to protect the plaintiff's rights).  The Court finds that this action should be dismissed without prejudice.

    2.    *Certificate of Appealability*

A district court "must issue or deny a certificate of appealability when it enters a final order adverse to the appellant." See R. Governing § 2254 Cases 11(a). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 4884 (2000). The Court agrees with the Magistrate Judge that it has not been demonstrated that a reasonable jurist could debate whether this action, brought by a non-lawyer on behalf of Plaintiff, can proceed. Thus, the certificate of appealability is denied.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [2] is **ADOPTED AS MODIFIED**. This action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability, under Rule 11 of the Rules Governing Section 2254 Cases, is **DENIED**.

**SO ORDERED** this 8th day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE